# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | |
|---|---|
| BILL KEY, JR., as Administrator of the Estate of Donnie Ray Key, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 6:04-cv-00199-JEO |
| TOMMY HOOD, RALPH B. WILLIAMS, DARYL MOTE, BERRY HOGAN, DARREN BRIDGES, MIKE HOLCOMB, MIKE KNOWLES, DANNY TERRY, and CHUCK TERRY, ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Donnie Ray Key ("the plaintiff") initiated this action pursuant to 42 U.S.C. §§ 1983 and 1988, alleging that he was deprived of rights, privileges, or immunities afforded him under the Fourth Amendment of the Constitution of the United States of America as well as Alabama law. (Doc. 1 (Count One)).[1] He alleged state law claims of wantonness (Count Two at ¶¶ 22-25); negligence, carelessness, or unskillfulness (Count Three at ¶¶ 26-29); negligent supervision (Count Four at ¶¶ 30-33); false arrest and false imprisonment (Count Five at ¶¶ 34-37); and, assault and battery (Count Six at ¶¶ 38-41). (Doc. 1). He sued the defendants in both their individual and official capacities and seeks monetary relief and "other further equitable relief as the court may deem just and proper to prevent or preclude future similar acts." (Doc. 1 at pp. 4-9). After the plaintiff's untimely death due to unrelated circumstances, the plaintiff's father was substituted as the administrator of his estate.

---

[1] References herein to "Doc. ___" are to the numbers assigned the various pleadings in the record as assigned by the Clerk of the Court. The numbers are located in the lower-right hand corner of each document.

The defendants filed motions to dismiss the complaint, asserting that (1) they cannot be held liable on a *respondeat superior* theory; (2) the plaintiff's federal claims against them in their official capacities are barred as a matter of law; (3) they are entitled to qualified immunity to the extent the plaintiff brings his claims against them in their individual capacities; (4) the state law claims against them should be dismissed premised on sovereign immunity under Alabama law; and, (5) the plaintiff's claim for punitive damages is due to be stricken. (Doc. 8, 15 & 16). On July 9, 2004, the court entered a memorandum opinion and order finding as follows:

> 1. The plaintiff's § 1983 claims against all the defendants in their official capacities are **DISMISSED WITH PREJUDICE**;
>
> 2. The plaintiff's § 1983 claim against the defendant deputies in their individual capacities concerning their purported use of excessive force is allowed to proceed;
>
> 3. The plaintiff's § 1983 claims against defendant Sheriff John Tirey in his individual capacity are **DISMISSED WITH PREJUDICE**;
>
> 4. The plaintiff's state law claims against all the defendants are **DISMISSED WITH PREJUDICE**;
>
> 5. The plaintiff's claims for punitive damages against all the defendants in their official capacities are **STRUCK AND DISMISSED**; and,
>
> 6. The plaintiff's remaining § 1983 claims (concerning excessive force) to the extent it seeks punitive damages against the deputy defendants in their individual capacities is allowed to proceed.

(Doc. 19 & 20 (bold in original)).

The plaintiff filed his first amendment to the complaint adding four reserve deputies, Danny Terry, Chuck Wright, Mike Holcomb, and Mike Knowles. (Doc. 29). The defendants filed a motion to dismiss, which the court deemed moot when the plaintiff filed a second

amendment to the complaint.  The second amendment added a conspiracy count under Title 42, United States Code, Section 1981.  (Doc. 37 at ¶ 47).  Specifically, the plaintiff alleges that all the defendants "'conspired' to prevent their illegal conduct of beating, punching, assaulting engaged in against the Plaintiff, Donny R. Key, from being made known to the proper authorities." (*Id.*).  Specifically, the amendment alleges that the defendants "actually or constructively agreed that the true facts" would be "secreted and prevented from being divulged to the proper authorities." (*Id.*).  He also alleges that the defendants were under the influence of steroids at the time of the incident.  (*Id.* at ¶ 48).  Finally, he alleges that the defendants either participated in the incident or stood idly by and made no effort to stop the abusive conduct.  (*Id.* at ¶ 49).  In the amendment, he also notes that the "amended defendants be added everywhere the initial named defendants appear[ ]." (*Id.* at ¶ 50).

      The defendants have filed a motion to dismiss the second amendment to the complaint, incorporating their prior brief on the motion to dismiss the first amendment to the complaint, which raises the same issues as to the reserve deputies that were advanced in the original motion to dismiss.  (Doc. 40 & 41).  The plaintiff's only response is his initial response to the defendants' motion to dismiss the amended complaint.  (Doc. 33).

**MOTION TO DISMISS STANDARD**

      As noted previously in this case, on a motion to dismiss, the court "must accept the allegations set forth in the complaint as true.  *See United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)." *Lotierzo v. Woman's World Medical Center, Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002).  Similarly, it must construe all the factual allegations in the light most favorable to the plaintiff.  *Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir.

1991) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1947)). Such a motion may be granted only "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)." *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir.), *cert. denied,* 525 U.S. 1000, 119 S. Ct. 509, 142 L. Ed. 2d 422 (1998).

## DISCUSSION

For the convenience of all concerned, the court will again summarize the plaintiff's allegations.

> The plaintiff asserts that on or about February 2, 2002, he was driving on Fall City Road in Jasper, Alabama, when he approached a road block or check point set up by Walker County Sheriff's Deputies Daryl Mote, Berry Hogan, Ralph Williams, Tommy Hood and Darren Bridges (hereinafter "the defendant deputies") at the direction of Sheriff John Mark Tirey (hereinafter "the sheriff"). (Doc. 1 at ¶¶ 10-11). Realizing that he did not have his driver's license, the plaintiff panicked and drove through the road block without stopping. (Doc. 1 at ¶ 10).
>
> When he failed to stop, the defendant deputies followed him. After traveling about one mile from the road block, the plaintiff stopped his car "on his own volition." (Doc. 1 at ¶ 12). The defendant deputies surrounded the plaintiff's car and drew their weapons. (*Id.*). The plaintiff was afraid to get out of his car. He put both hands on the steering wheel to show that he had no weapons and rolled down his driver's side window. He was then pulled out of the car through the window, thrown to the ground, and punched, kicked, and beaten by each of the named defendants. He was then handcuffed. (Doc. 1 at ¶ 13).
>
> The plaintiff was next placed in the backseat of a sheriff's vehicle where defendant Hogan "tongue lashed" him "with cursing and other derogatory obscenities." (Doc. 1 at ¶ 14). Defendant Hogan then took the plaintiff out of the vehicle and made him apologize to the other deputies for failing to stop at the road block. (*Id.*).
>
> The plaintiff was then taken to the Walker County jail and charged with reckless endangerment. After posting bond, the plaintiff's family took him to the

hospital where he received treatment for his injuries.[2]

Because of the plaintiff's first and second amendments, the court must now consider the reserve deputies, Holcomb, Knowles, Terry, and Wright, as party defendants in each count. In all other material respects, the factual allegations remain the same with the limited exception that the plaintiff is alleging that the reserve deputies "either participated in the incident . . . or stood idly by and made no effort to stop the abusive conduct. . . ." (Doc. 30 at ¶ 44).

Having considered the arguments in the original motion to dismiss and their applicability to the reserve deputies and the fact that neither the plaintiff nor defense counsel have offered anything additional to warrant a departure from the original determination of the undersigned, the court finds as follows:

    1. The plaintiff's § 1983 claims against all the defendants (including the reserve deputies) to the extent they are brought against them in their official capacities, they are due to be dismissed with prejudice;

    2. The plaintiff's § 1983 claims against the defendants in their individual capacities concerning their purported use of excessive force or their failure to act are allowed to proceed;

    3. The plaintiff's state law claims against all the defendants are due to be dismissed with prejudice;

    4. The plaintiff's claims for punitive damages against all the defendants in their official capacities are due to be struck and dismissed; and,

    5. The plaintiff's remaining § 1983 claims (concerning excessive force and failure to act) to the extent they seek punitive damages against the defendants in their individual capacities are allowed to proceed.

---

[2] The plaintiff alleges that he had "a broken nose, one tooth knocked out, three holes to the back of his head, both eyes swollen shut, not being able to swallow for being choked, and other extensive bruises, mental anguish and emotional distress, and also sustained numerous medical expenses." (Doc. 1 at ¶ 16).

## SECTION 1981 CONSPIRACY CLAIM

The plaintiff's second amendment to the complaint purports to allege a claim under § 1981 that the defendants conspired to use excessive force and then to coverup their actions. The defendants assert that the claim is due to be dismissed because § 1981 does not provide a vehicle for such a claim, particularly in the present circumstances. (Doc. 40 at p. 2). They further assert that § 1981 does not support an independent cause of action against these defendants. (*Id*. at p. 3). Additionally, they assert that even if a conspiracy claim is sufficiently advanced, it is due to be dismissed because the claim is not pled with sufficient specificity and it is precluded by the "intracorporate conspiracy doctrine." (*Id*. at pp. 4-6). The plaintiff does not specifically address the defendants' individual assertions but appears to rely on his earlier response to the motion to dismiss the first amendment to the complaint.

Upon consideration, the court finds that the present motion is due to be granted as to the conspiracy claim advanced in the second amendment for a number of reasons. First, counsel for the defendants is correct in that section 1981 does not include conspiracies, particularly where there is no allegation of racial discrimination. 42 U.S.C. § 1981(a). Second, even construing the claim broadly under the other civil rights statutes (42 U.S.C. §§ 1985 & 1986), the plaintiff has failed to adequately articulate a conspiracy claim. The Eleventh Circuit Court of Appeals has made it clear that "[i]n conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed. . . . A complaint may justifiably be dismissed because of the conclusory, vague, and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). The plaintiff has had ample time to properly advance a conspiracy claim against the

defendants. The present effort is insufficient. The amendment is conclusory and general at best. In fact, there are no factual allegations in support of the claim. The second amendment to the complaint is due to be dismissed.

## CONCLUSION

Accordingly, for the reasons stated above, the court finds that the defendants' motion to dismiss (doc. 40) is due to be granted in part and denied in part as follows:

1. The plaintiff's § 1983 claims against all the defendants (including the reserve deputies) in their official capacities are due to be dismissed with prejudice;

2. The plaintiff's § 1983 claim against the defendants in their individual capacities concerning their purported use of excessive force or their failure to act are allowed to proceed;

3. The plaintiff's state law claims against all the defendants are due to be dismissed with prejudice;

4. The plaintiff's claims for punitive damages against all the defendants in their official capacities are due to be struck and dismissed;

5. The plaintiff's conspiracy claim in the second amendment to the complaint is due to be dismissed with prejudice; and,

6. The plaintiff's remaining § 1983 claims (concerning excessive force and failure to act) to the extent they seek punitive damages against the defendants in their individual capacities are allowed to proceed.

An appropriate order will be entered.

**DONE**, this 1st day of August, 2005.

_John E. Ott_
**JOHN E. OTT**
United States Magistrate Judge